UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
STEVEN HERSH, individually and behalf of                    :
all those similarly situated,                               :
                                                            :  **ORDER**
                                      Plaintiff,            :
                                                            :  15 Civ. 3908 (BMC)
                  - against -                               :  and related cases[1]
                                                            :
DELTA AIRLINES, INC. et al.,                                :
                                                            :
                                      Defendants.           :
----------------------------------------------------------- X

**COGAN,** District Judge.

Before me is plaintiffs' letter motion for an order directing defendants to produce materials that they have provided or will provide to the U.S. Department of Justice ("DOJ") in connection with that agency's Civil Investigative Demands ("CIDs") concerning essentially the same alleged misconduct that gives rise to these civil cases. These cases are the subject of a pending request for consolidation that the parties and the Court anticipate will be considered by the Judicial Panel on Multidistrict Litigation ("JPML") in just over one month.

Defendants have represented to the Court that they intend to move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) following consolidation of the cases (if that occurs) and the filing of a consolidated complaint. Among other reasons for opposing plaintiffs' instant application, defendants argue that their ability to seek a stay of discovery pending resolution of that motion

---

[1] The following related cases have been deemed related, and are consolidated for the purposes of this Order only: Kromar et al v. Delta Airlines, Inc. et al., 1:15-cv-03937; State-Boston Retirement System v. American Airlines, Inc. et al., 1:15-cv-03974; Howard Sloan Koller Group et al v. American Airlines, Inc. et al., 1:15-cv-04002; Curley et al v. Delta Airlines, Inc. et al., 1:15-cv-04062; Mellen v. American Airlines, Inc. et al., 1:15-cv-04286; Nathanson v. American Airlines, Inc. et al., 1:15-cv-04101; Repan v. American Airlines, Inc. et al., 1:15-cv-04036; Palmer v. Delta Air Lines, Inc. et al., 1:15-cv-04047; Bell v. Delta Air Lines, Inc. et al., 1:15-cv-04245; Watkins v. American Airlines, Inc. et al., 1:15-cv-04287; Markun v. American Airlines, Inc. et al., 1:15-cv-04284; Ted et al v. American Airlines, Inc. et al., 1:15-cv-04472; Morrison v. Delta Airlines, Inc. et al., 1:15-cv-04745; Deninno v. Delta Air Lines, Inc. et al., 1:15-cv-04910; Frank v. Delta Air Lines, Inc. et a., 1:15-cv-04909; Connelly et al. v. American Airlines, Inc., Delta Air Lines, Inc., et al., 1:15-cv-04559.

by the transferee court would be prejudiced by pre-consolidation discovery.  This is a compelling argument.

Given the substantial possibility of consolidation of these cases, it is important for me to preserve prerogatives of the transferee court, especially in light of defendants' anticipated motion to dismiss.  I need not find that a stay of discovery pending defendants' motion is necessarily appropriate to justify a brief delay here, but only that it would be well within the discretion of the transferee court to think so.  See, e.g., In re LIBOR-Based Fin. Instruments Antitrust Litig., No. 11-md-2262 (S.D.N.Y.), Dkt. 489.

With respect to the burden that production would create – not just to defendants, but to plaintiffs and to the Court – it must be borne in mind that production of these materials in the civil context will not necessarily be coextensive with the production that defendants have been compelled to make to the DOJ.  See In re Graphics Processing Units Antitrust Litig., No. 06-cv-07417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (In a situation like the one at bar, "there would be the issue of various objections . . . that might be assertable against plaintiffs that were unasserted against the government.").  Plaintiffs concede, in fact, that it is only a "likelihood" (and not a certainty) that the CID materials being produced to DOJ will be produced in this litigation.

Finally, and perhaps most importantly, plaintiffs have presented no compelling explanation of the prejudice that they would suffer in the absence of pre-consolidation discovery.

Plaintiff's [43] letter motion for discovery prior to the decision of the JPML is denied.

**SO ORDERED.**

_____
U.S.D.J.

Dated:  Brooklyn, New York
        September 4, 2015